UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

AYLEN CORONEL, and all others
similarly situated

      Plaintiff,

vs.

OMEL FLOWERS & DESIGN CORP.,
a Florida Corporation, and
MARIA ANDRADE, individually,

      Defendants.

_____/

# **COMPLAINT**

COMES NOW Plaintiff, AYLEN CORONEL ("CORONEL"), by and through her undersigned attorney, and hereby sues Defendants, OMEL FLOWERS & DESIGN CORP., a Florida Corporation, and MARIA ANDRADE, individually, and as grounds alleges:

<u>JURISDICTIONAL ALLEGATIONS</u>

1.     This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of minimum wages and unpaid wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA"). This is also an action to recover unpaid wages under Florida common law.

2.     Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4.       Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5.       Defendant OMEL is a Florida corporation which regularly conducted business within the Southern District of Florida. Specifically, OMEL operated a flower shop.

6.       OMEL is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce.  Specifically, CORONEL and at least one other employee of OMEL would routinely handle flowers and flower arranging tools. The flowers and flower arranging tools that CORONEL and at least one other employee handled on a regular and consistent basis, had travelled in interstate commerce. Furthermore, OMEL, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7.       Upon information and belief, the annual gross revenue of OMEL was at all times material hereto in excess of $500,000.00 per annum gross annual revenue in excess of $500,000. Upon information and belief, OMEL has had gross annual revenue in excess of $375,000.00 for the first three quarters of 2019. Upon information and belief, ERNESLI has is expected to have gross annual revenue in excess of $500,000.00 for the year of 2019.

8.       By reason of the foregoing, OMEL is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9.       The individual Defendant, MARIA ANDRADE, is an "employer," as defined in 29 U.S.C. § 203(d), as she has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as

Plaintiff and opt-in plaintiffs. Defendant ANDRADE controlled the purse strings for the corporate Defendant. Defendant ANDRADE hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID MINIMUM WAGES

10.    Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11.    Plaintiff was employed by the Defendants as a non-exempt florist who performed her duties within South Florida.

12.    Plaintiff was employed from on or about May 10, 2019 through on or about September 5, 2019.

13.    Plaintiff and Defendants agreed that Plaintiff would be paid an hourly rate of $13.00 per hour.

14.    Plaintiff was not paid any wages during the last five (5) weeks of Plaintiff's employment (from on or about July 29, 2019 through on or about September 5, 2019). Plaintiff demanded that she be paid her wages. Defendants failed to pay Plaintiff's wages despite such demands.

15.    Additionally, Defendants failed to pay approximately 2 hours of work during the week of June 17, 2019; failed to pay approximately 4.5 hours during the week of July 15, 2019; and failed to pay approximately 1 hour during the week of July 22, 2019.

16.    The FLSA requires that employees be paid a wage not less than $7.25 per hour for each worked. Defendants failed to pay minimum wages to the Plaintiff.

17.    Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act.

Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid less than federal minimum wage (as she was being paid nothing). Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wages, Defendants did not change its pay practices and continued to fail to pay the Plaintiff. Defendants are also aware of the provisions of the FLSA as they were previously sued for minimum wages, specifically, not paying another employee her last weeks of wages as in this case.

18.     The similarly situated individuals are those individuals whom were employed by the Defendant as florists and whom were not paid their wages, in whole or in part.

19.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II: LIQUIDATED DAMAGES UNDER THE FLSA
### (for late payment)

20.     Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

21.     Plaintiff was employed by the Defendants as a non-exempt florist who performed her duties within South Florida.

22.     Plaintiff was employed from on or about May 10, 2019 through on or about September 5, 2019.

23.     Plaintiff and Defendants agreed that Plaintiff would be paid an hourly rate of $13.00 per hour.

24.     Throughout Plaintiff's employment, Plaintiff would receive her paycheck late, between one and three weeks after the paycheck was due.

25.     The FLSA imposes an obligation to 'promptly pay' employees their wages. Defendants failed to comply with the FLSA by failing to 'promptly pay' the Plaintiff her wages on the date they were due. Accordingly, Defendants' pay-practices were in violation of the FLSA.

26.     The similarly situated individuals are those individuals whom were employed by the Defendant as florists and whom were not paid promptly paid their wages, in whole or in part.

27.     Plaintiff has retained the law offices of the undersigned attorneys to represent her in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests liquidated damages, and reasonable attorney's fees and costs from the Defendants, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for wages owed over the Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs, and any and all other relief which this Court deems reasonable under the circumstances.

### COUNT III: UNPAID WAGES
### (as to OMEL FLOWERS DESIGN CORP only)

28.     Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

29.     This Court has supplemental jurisdiction under 28 U.S.C. §1367 over the unpaid wage claim as the claim is so related to the FLSA claims that they form a single case or controversy. All counts raised relate to Plaintiff being paid less than the required wages for work

performed. In particular, Count III is raised in the alternative to Count I for unpaid for minimum wage. Counts I and III are identical in all respects (i.e. the same hours claimed, the same work claimed) except that Plaintiff seeks the higher contracted rate, as opposed to the federal minimum wage rate.

30.     Plaintiff was employed by the Defendant OMEL as a non-exempt florist who performed her duties within South Florida.

31.     Plaintiff was employed from on or about May 10, 2019 through on or about September 5, 2019.

32.     Plaintiff and Defendant OMEL entered into an employment agreement which required Plaintiff to be paid a rate of 13.00 per hour for each hour of work.

33.     Plaintiff dutifully performed the work that was tasked and Defendant OMEL accepted the benefits of her work.

34.     Defendant OMEL breached the employment agreement when Plaintiff was not paid any wages during the last five (5) weeks of Plaintiff's employment (from on or about July 29, 2019 through on or about September 5, 2019). Plaintiff demanded that she be paid her wages. Defendant OMEL failed to pay Plaintiff's wages despite such demands.

35.     Additionally, Defendant OMEL breached the employment agreement when they failed to pay Plaintiff approximately 2 hours of work during the week of June 17, 2019; failed to pay approximately 4.5 hours during the week of July 15, 2019; and failed to pay approximately 1 hour during the week of July 22, 2019.

36.     Plaintiff has retained the law offices of the undersigned attorneys to represent her in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory damages for each hour that Plaintiff worked and was not paid any wages from Defendant OMEL, recovery of reasonable attorney's fees and costs to be determined by the court pursuant to Fla. Stat. §448.08, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.


Dated: October 7, 2019

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 350A
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561